## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**KWAME OTOYUMABOYA HILL,**

      **Plaintiff,**

      **v.**                                              **CASE NO.  16-3062-SAC-DJW**

**CORIZON HEALTH SERVICES, INC.,**
**et al.,**

      **Defendants.**

## ORDER

This is a pro se civil rights complaint filed by a state inmate claiming denial of adequate medical treatment.  This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 43) and Defendants' Motion to Strike Plaintiff's Unauthorized Sur-Reply (Doc. 50).

Plaintiff filed a Motion for Default Judgment (Doc. 43), seeking entry of a default judgment against Defendant C. Gordon Harrod, M.D.  Dr. Harrod has responded to the motion, arguing that he was not properly served.  Service was attempted by mailing a copy of the Summons and Complaint to Corizon Health, Inc.'s registered agent.  Dr. Harrod argues that this is not proper service on Dr. Harrod, individually, under Fed. R. Civ. P. 4 or under K.S.A. 60-304. *See, e.g., Conley v. Pryor*, Case No. 11-3200-DDC-KGS, 2015 WL 413638, at *3 (D. Kan. Jan. 30, 2015). While Rule 4 allows for service upon an individual's authorized agent, there is no evidence that Corizon's registered agent was also an authorized agent for Dr. Harrod.  Without proper service, Dr. Harrod cannot be in default.  Even if Plaintiff properly served Dr. Harrod, leave to file his Motion to Dismiss out of time, pursuant to Fed. R. Civ. P. 6(b) is appropriate. Plaintiff will not be prejudiced as there are similar pending motions to dismiss filed by co-

defendants, and Plaintiff has filed a response to Dr. Harrod's Motion to Dismiss.  There is no evidence of bad faith on the part of Dr. Harrod.  Plaintiff's motion for default judgment is denied.

Defendants Corizon Health, Inc., Mary Einerson, RN, Travis Nickelson, ARPN, and Deanna Morris, LPN, filed a motion to strike Plaintiff's surreply at Doc. 46.  Absent leave of Court, surreplies are not permitted under federal or local rules.  Here, Plaintiff did not obtain leave of Court prior to filing his "Opposing Memorandum Specifically Controverted by Motion of the Opposing Party for Summary Judgment" at Doc. 46.  Even if Plaintiff had sought leave of Court, the rare circumstances which would potentially allow the filing of a surreply do not exist because the surreply does not address any new arguments raised in Defendants' reply brief.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Default Judgment (Doc. 43) is **denied.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff's Unauthorized Sur-Reply (Doc. 50) is **granted.**  The Clerk shall strike Plaintiff's "Opposing Memorandum Specifically Controverted by Motion of the Opposing Party for Summary Judgment" at Doc. 46.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 6th day of January, 2017.**


**s/ Sam A. Crow**
**Sam A. Crow**
**Senior U. S. District Judge**